The Chief Justice
delivered the opinion of the court.
This is an appeal, taken by the'defendant from a judgment for the plaintiff, in an action upon the case, for a malicious prosecution.
The assignment of error questions, 1st, the sufficiency of the declaration; and 2dly, the correctness of the decision of the circuit court, in refusing to grant a new trial,
]. 'With respect to the declaration. Thereisnospe-cific objection taken to it by the assignment of error, nor can we perceive that it is justly liable to anay. It, in substance, avers, that the defendant maliciously and without Pr°bable cause, caused and procured an indictment for perjury to be preferred against the plaintiff’, and to be found by the grand jury, and that on the trial pf the general issue, piead-e<^ by the plaintiff to the indictment,-he was found not guiU ⅛ by a jury of his peers, and acquitted and discharged thereof. These are the only averments which are essential to the plaintiff’s right of action, and although in some respects they may not be made in the most technical form, they are, nevertheless, substantially correct, and cannot, especially after verdict^ be liable to objection.
In the ab-Sl¿nc.f:?íp,ro,of' caUse,” ¡.he jur> may well mfermafece.
JVickliJfe for appellant.
2. As to the decision of the court, in refusing to grant a new trial, there is, we apprehend, as little room to doubt of its correctness. It cannot be pretended, that there was any circumstance tending to shew a probable cause for the prosecution, and in the absence of all circumstances of that sort, the jury might, without doubt, infer malice. The only point upon which any question can arise is, W'hether, in fact, the defendant caused or procured the indictment to be preferred against the plaintiff. On this point there was, to be sure, some contrariety of evidence, but the weight of it is decisively on the side of the plaintiff and amply sufficient to justify the verdict of the jury.
The judgment must be affirmed with damages and costs.